Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000064
16-MAY-2019
08:40 AM

NO. CAAP-19-0000064

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WCG, INC., a California Corporation, Plaintiff-Appellee, v. RISING SUN LLC, a Hawaiʻi limited liability company, Defendant-Appellant, JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE "NONPROFIT" CORPORATIONS; and DOE GOVERNMENTAL ENTITIES 1-20, Defendants

AND

RISING SUN LLC, a Hawaiʻi limited liability company, Counterclaim Plaintiff-Appellant, v. WCG, INC., a California Corporation; SALESFORCE.COM, a Delaware Corporation, Counterclaim Defendants-Appellees, JANE DOE 1-20; JOHN DOES 1-20; and DOE ENTITIES, Counterclaim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0034(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant/Counterclaim-Plaintiff/ Third-Party Plaintiff/Appellant Rising Sun, LLC's (Rising Sun) appeal from the Honorable Rhonda I.L. Loo's December 31, 2018 order granting Third-Party Defendant/Appellee Salesforce.com's (Salesforce.com) motion to dismiss Rising Sun's third-party complaint (incorrectly referred to as a "counterclaim") against Salesforce.com, because the circuit court has neither adjudicated nor entered judgment on

- Plaintiff/Counterclaim-Defendant/Appellee WCG, Inc.'s (CG) three-count complaint against Rising Sun, and

- Rising Sun's three-count counterclaim against WCG,

which are both still unresolved and pending before the circuit court in Civil No. 17-1-0034(1).

Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). The December 31, 2018 order is interlocutory, and the record shows that the circuit court is not yet ready to enter final judgment as to all claims in Civil No. 17-1-0034(1), as demonstrated by the parties' February 26, 2019 stipulation to continue trial pending this appeal.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the December 31, 2018 interlocutory order does not satisfy the requirements for appealability under the Forgay

doctrine, the collateral order doctrine, or HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-19-0000064.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000064 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 16, 2019.


Presiding Judge


Associate Judge


Associate Judge